EX PARTE COLÓN, PETITIONER AND APPELLANT (PEOPLE, CONTESTANT AND APPELLEE.)

APPEAL from the District Court of Ponce in a Habeas Corpus Proceeding.

No. 1683.—Decided February 17, 1921.

HABEAS CORPUS.—A defendant who has been imprisoned to serve a sentence under a judgment rendered by a municipal court without his presence during the trial or when the judgment was rendered is unlawfully imprisoned and may obtain his discharge in a habeas corpus proceeding.

The facts are stated in the opinion.

Mr. A. Fiol Negrón for the appellant.

Mr. José E. Figueras, Fiscal, for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Epifanio Colón, of Villalba, P. R., presented a petition for a writ of habeas corpus to the District Court of Ponce

asking to be released from custody because he was unlawfully imprisoned for the reason that he had been convicted by the Municipal Court of Juana Díaz after a trial held in his absence.

The writ was issued. Evidence was examined and the district court denied the petition. The petitioner then appealed to this court. The *Fiscal* of the Supreme Court did not oppose the appeal.

From the evidence it appears that Epifanio Colón was convicted of the crime of gambling. The pertinent part of the judgment of conviction reads as follows:

"As to defendant Epifanio Colón, who has not appeared, insular policeman Gustavo Alvaro having filed an affidavit to the effect that the said defendant was summoned by him, the trial of the said defendant was proceeded with. The evidence for the prosecution was examined and the court found him guilty of the crime charged and sentenced him to one month's imprisonment."

In an examination by the district attorney the petitioner testified under oath as follows:

"Q. Why did you not appear before court after the policeman had summoned you?—A. I was ill.

"Q. Did the policeman summon you?—A. He summoned me eight days ago and I was ill.

"Q. Did you notify the court that you were ill?—A. I presented the physician's certificate.

"Q. After the trial?—A. After the trial.

"Q. Did you ask the court for a continuance of the trial?—A. As I knew nothing about that, they required me to give a surety bond for the appeal and I gave it, but I don't know what has happened that now, after I was working, they have again brought me here. I had the certificate in my pocket and presented it to the judge.

"Q. But you never appeared before the court to ask that the trial be postponed for another date?—A. No, sir; why, they said nothing more to me.

"Q. And when they arrested you, you did not appeal?—A. They would not let me.

"Q. Who would not let you?—A. The marshal immediately

pushed me ahead; he did not even let me finish a sale which I was making.''

It is to be regretted that the manner in which the policeman summoned the defendant was not shown. When a person is summoned to answer a charge the law requires that notice be given him of that charge. A mere notice by a policeman to a citizen to appear on a fixed day in a court would in no manner be sufficient for prosecuting a criminal case in the absence of the person summoned and for entering a judgment of conviction against him. See section 24 of the Code of Criminal Procedure, Compilation of 1911, section 6035.

But assuming that the petitioner was duly summoned, even then we are of the opinion that the judgment entered in his absence is wholly null and void.

It is true that section 179 of the Code of Criminal Procedure provides that if the prosecution is for a misdemeanor, the trial may be had in the absence of the defendant, and that section 311 of the same code prescribes that if the conviction is for a misdemeanor, judgment may be pronounced in the absence of the defendant.

But these statutes refer to the district courts in which a prosecution is begun with an arraignment, so that when the case is tried and the judgment is entered the defendant has already been served with a copy of the information; has knowledge of the charge made against him, and has had the opportunity of filing such pleadings as are authorized by law.

In a municipal court the procedure is different. The prosecution begins with a complaint. The defendant is summoned and generally on the same day on which he appears the trial is had and he is convicted or acquitted. For that reason section 29 of the Code of Criminal Procedure, as amended by the Act of March 12, 1903, page 43, and that of March 12, 1908, page 53, expressly provides that ''The

trial must be had and a decision rendered in the presence of the defendant.'' The Legislature referred to the procedure before a justice of the peace, which is applicable to the municipal courts.

A similar distinction exists in the State of California. Sections 1043 and 1193 of the Penal Code of that State are the same as sections 179 and 311 of our code, and section 1434, which comes under Title XI relating to procedure in justices' ·and police courts, contains the following provision: ''The defendant must be personally present before the trial can proceed,'' which is similar to that contained in section 29 of our code, although the latter is more positive and broader in its scope.

For the foregoing reasons the order appealed from must be reversed and substituted by another that the petitioner be released from custody.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.